IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| MARITZA HENRIQUEZ, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No. 17-CV-00724 (AJT/IDD) |
| | * | |
| MARGARITA'S CLANING SERVICES, INC., et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
## FOR APPROVAL OF SETTLEMENT AGREEMENT & RELEASE

### A. Factual and Procedural Background

Plaintiff Margarita Henriquez alleges that she worked for the cleaning company owned by Defendants from approximately January 8, 2015 to October 2, 2015. Throughout her employment, Plaintiff performed non-exempt work such as cleaning and housekeeping-related tasks.

Plaintiff alleges that she worked 57.5 hours per week on average, and that the agreed rate of pay was $50-60/day. Plaintiff alleges that the pay she received from Defendants was not sufficient to meet the minimum wage and overtime provisions of the FLSA. After suit was filed by Plaintiff in the U.S. District Court for the District of Maryland (Case No. 8:17-cv-00692-TDC), Defendants retained counsel, David Gardner, Esq. The parties engaged in some informal discovery and early settlement discussions, but no agreement was reached at the time. Defendants raised the issue of improper venue, claiming that Plaintiff never worked in Maryland for Defendant. Although Plainjtff disagreed with that, she did agree that venue also was proper

in the U.S. District Court for the Eastern District of Virginia, and therefore she consented to a transfer of venue to this Court.

The full amount that Plaintiff claimed, based upon the number of hours she claims she worked and the amount of pay she claims to have received can be summarized as follows:

> $5,793    Total unpaid wages
> $5,793    2x FLSA exemplary damages
> **$11,586    Subtotal for Plaintiff**

Defendants vigorously denied that any amount was due to Plaintiff, asserting that she had been properly paid for all hours worked and that the FLSA did not cover the Defendants. While the parties disagreed about Defendants' liability for Plaintiff's claims as well as the legal coverage, after long and considered settlement negotiations between counsel, the parties were able to agree to settle the case on the following terms:

$3,000.00 for unpaid wages;

$3,000.00 (2x) for liquidated damages;

$500.00 for costs –    $400 filing fee plus $100 for service cost and court fees for pro hac vice motion.

$4,000.00 for attorney fees – 9.41 hours @ $425/hr.

**$10,500.00 – Total Settlement Amount**

The case began on March 13, 2017 with the filing of the Complaint in Maryland. Service was made, and shortly thereafter Defendants' prior counsel contacted Plaintiff's counsel. After a brief period of negotiations and informal exchange of documents, the parties agreed to transfer venue to this Court. Thereafter, the Parties have engaged in long and considered settlement discussions, including exchange of correspondence between counsel, arguing the merits of Plaintiff's claims and addressing issues such as whether the FLSA applies in this case, the

constitutionality of the provision for overtime pay for housekeeping employees, whether Plaintiff was exempt, whether Plaintiff was properly paid, etc. It was only after such lengthy and substantive settlement discussions that the Parties were able to reach the settlement agreement outlined above. Defendants and Plaintiff have concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with the anticipated litigation. Plaintiff desires to settle, discharge, and forever terminate all claims, including those asserted in this case against Defendants in exchange for the terms set forth above.

**B. Legal Analysis**

Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)).

"The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey,* 2014 WL 2174751 at *2 (*citing Saman,* 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va.

3

Sept. 28, 2009); *Lane v. Ko-Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' *Duprey* at *2 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

Here, there is a bona fide dispute. "In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey,* 2014 WL 2174751, at *3 (citation omitted). Plaintiff's claims are pled under the FLSA, as well as under the Maryland Wage Payment & Collection Law, for failure to pay her at least the minimum wage, failure to pay overtime and failure to pay for all hours worked. In response, Defendants denied liability and affirmatively asserted Plaintiff was properly paid throughout her employment, that certain provisions of the FLSA do not apply to this case, and that any failure to pay was the result of a bona fide dispute, and that they acted in good faith at all times. Defendants, by entering into the settlement, make no admissions and expressly deny liability of all claims made by Plaintiff in this suit. *See* Settlement Agreement and Release, attached as Exhibit 1.

Second, the parties' settlement of $6,000.00 to Plaintiff and $4,400.00 for payment of attorney's fees and costs is fair and reasonable. In determining whether a settlement is fair and reasonable for purposes of approving claims under the FLSA, courts evaluate many factors, including "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Saman,* 2013 WL 2949047, at

4

*3 (quoting *Lomascolo*, 2009 WL 3094955, at *10) (alterations in original).

In this case, the Defendants responded promptly to the Complaint and mounted a vigorous defense. The parties' respective counsel engaged in early settlement negotiations while the case was pending in Maryland. Each attorney engaged in detailed legal analysis to support his client's position in the settlement negotiations. The negotiations culminated in no agreement at the time, except that the Parties agreed to transfer venue to this Court. Finally, after lengthy negotiations, the Parties were able to reach agreement. Under the agreement, Plaintiff has agreed to accept an amount that represents a compromise.

By engaging in substantive settlement negotiations, resources that otherwise would have been consumed by the litigation were made available for settlement, thereby reducing the risk and uncertainties of the outcome of litigation for both parties. Most significantly, Plaintiff, by counsel, has been fully advised of the benefits and risks of the settlement, and Plaintiff desires to enter in to the settlement agreement. Furthermore, this settlement enables all parties to avoid the unnecessary accumulation of litigation costs and attorney's fees, and furthers the interests of both sides. The parties' settlement preserves scarce judicial resources and the settlement is the product of good-faith bargaining between the parties, with advice of experienced legal counsel.

Finally, the amount allocated for attorneys' fees and expenses is fair and reasonable. Mr. Allen has been practicing in the area of labor and employment law since 1997 and he has extensive experience in FLSA matters. His hourly fee is $425, which is in line with the lodestar analysis for his number of years of practice. Mr. Allen spent over 15 hours ($6,325.00) on the case and has spent approximately $500.00 in costs including the filing fee ($400.00) and service of process ($25.00) and pro hac vice fee ($75.00). Accordingly, the agreed upon amount of $4,500.00 total for fees ($4,000.00) and costs ($500.00) represents a reduction of 36.75% from

5

the amount he would have requested under a fee application. Plaintiff's counsel agreed to that reduction in an effort to assist in bringing the case to closure.

### C. Conclusion

For all the above reasons, the parties request that the Court approve the settlement of Plaintiff's FLSA action as fair and reasonable and dismiss the Plaintiff's claims against all Defendants, with prejudice.

Date: October 7, 2017

Respectfully submitted,

THE LAW OFFICES OF ROBERTO ALLEN, LLC

By: __/s/ with permission__
Mitchell I. Batt, Esq., Va. Bar No. 37574
3915 National Dr., Ste. 320
Burtonsville, Maryland 20866
301-861-0202
301-861-4354 (facsimile)
mbatt@robertoallenlaw.com

By: __/s/ with permission__
Roberto N. Allen, Esq., *pro hac vice*
3915 National Dr., Ste. 320
Burtonsville, Maryland 20866
301-861-0202
301-861-4354 (facsimile)
rallen@robertoallenlaw.com

Counsel for Plaintiff

HOWARD HOFFMAN, ATTORNEY AT LAW

By: ___/s/___
Howard B. Hoffman, Esq., Va. Bar No. 88694
600 Jefferson Plaza, Ste. 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)
hhoffmanesq@hoholaw.com

Counsel for Defendants

6

## CERTIFICATE OF SERVICE

I hereby certify that on this day of 7th day of October, 2017, a copy of the foregoing Memorandum of Law in Support of Joint Motion for Approval of Settlement Agreement & Release, was filed via with the Clerk of the Court for the U.S. District Court for the Eastern District of Virginia using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Mitch Batt, Esquire
> Roberto N. Allen, Esquire
> The Law Offices of Roberto Allen, LLC
> 3915 National Drive, Suite 320
> Burtonsville, MD 20866

*Attorney for Plaintiff*

_____
Howard B. Hoffman