EXHIBIT
1
Blumberg No. 5208

# SETTLEMENT AGREEMENT AND FULL AND
# FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this ___ day of September, 2017, by and between Martiza Henriquez ("Plaintiff") and Margarita's Cleaning Services, Inc. and Margarita Mamani (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiff performed work for the Defendants' business from approximately January to October 2015;

**WHEREAS**, Plaintiff contends that she worked overtime for Defendants, for which she was not properly compensated;

**WHEREAS**, Defendants contend that they properly paid all of Plaintiff's wages, including overtime;

**WHEREAS**, Plaintiff has pending against Defendants an action in the United States District Court for the Eastern District of Virginia, styled <u>Maritza Henriquez v. Margarita's Cleaning Services, Inc., et al.</u>, Case No. 1:17-cv-00724-AJT-IDD (the "Lawsuit"), alleging unpaid overtime and minimum wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

**WHEREAS**, Defendants deny any and all allegations of wrongdoing asserted by Plaintiff;

**WHEREAS**, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of Plaintiff's decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiff, through her counsel, the total sum of Ten Thousand Five Hundred U.S. Dollars ($10,500.00), to settle all claims involving Plaintiff's Lawsuit, including but not limited to, claims for unpaid wages, unpaid overtime, unpaid minimum wage, statutory damages, and attorneys' fees and costs.

2. **PAYMENTS.** Defendants agree to pay the above settlement amount subject to the following terms and payable as follows:

   a. Within two (2) business days of approval of this Settlement Agreement by the U.S. District Court, and provided that Plaintiff has not breached this Agreement as set forth below, Defendant shall pay Two Thousand Two Hundred Fifty U.S. Dollars ($2,250.00), which shall be divided in two (2)

checks made payable as follows:

    i. <u>Plaintiff</u>: One Thousand Fifty Dollars Exact ($1,050.00) payable to Maritza Henriquez, which shall be paid as a gross amount without withholding. Defendants shall report this income to IRS on a Form 1099-Misc; and

    ii. <u>Roberto Allen, Esquire</u>: One Thousand Two Hundred Dollars Exact ($1,200.00), representing $700.00 for attorney fees and $500.00 for costs. This amount shall be reported by Defendants to IRS on a Form 1099-Misc.

b. Commencing 30 days after the payment provided in subparagraph (a) above is due, Defendant shall make eleven (11) subsequent monthly payments of Seven Hundred Fifty U.S. Dollars ($750.00), which shall be divided in two (2) checks made payable as follows:

    i. <u>Plaintiff</u>: Four Hundred Fifty Dollars Exact ($450.00) payable to Maritza Henriquez, which shall be paid as a gross amount without withholding. Defendants shall report this income to IRS on a Form 1099-Misc; and

    ii. <u>Roberto Allen, Esquire</u>: Three Hundred Dollars Exact ($300.00), representing $300.00 for attorney fees. This amount shall be reported by Defendants to IRS on a Form 1099-Misc.

b. Defendants agree that they will send, via certified mail or other reliable and restricted courier, each of the payments set forth in sub-paragraphs 2(a) so that they are received by Plaintiff's lawyer, Roberto Allen, Esquire, on or before the day in which the payment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due). So that the Defendants may issue, for tax years 2017 and 2018, an IRS Form 1099-Misc for the payments to Plaintiff in sub-paragraphs 2(a)(i) and 2(b)(i), and an IRS Form 1099 to Roberto Allen for the payments in sub-paragraphs 2(a)(ii) and 2(b)(ii), reflecting their respective payments made under this Settlement Agreement, both Roberto Allen and the Plaintiff shall provide Defendants' counsel, Howard B. Hoffman, Esq., at the time that Plaintiff executes this Settlement Agreement, an executed IRS Form W-9 for the Plaintiff and an executed IRS Form W-9 for Roberto Allen, Esq., which shall accurately provide their respective social security and/or taxpayer identification numbers.

3. **ADMISSION**: Upon timely receipt of all payments referenced in sub-paragraph 2(a) and 2(b), Plaintiff agrees that Defendant has paid all sums earned by and owed to her, including, but not limited to, all salary, tips, bonuses, wages (*including minimum wages and

2

overtime wages*), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and other benefits and perquisites as a result of her alleged employment with Defendants and/or her separation from such alleged employment, and further acknowledges that the payments under paragraph 2 are in full payment of anything of value to which she would be entitled under any policy, plan or procedure of Defendants. Plaintiff also expressly waives any right or claim that she may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

4. **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE** Within three days of receipt by Plaintiff's counsel of the fully executed Agreement, Plaintiff's counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit B. The Motion shall request that the Court approve this Agreement and dismiss this case with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the Eastern District of Virginia's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the Eastern District of Virginia not approve all the material terms of this Agreement, the Agreement will be null and void and of no legal effect. Provided that the Motion to Approve is granted, no party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit.

5. **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiff and her counsel by Defendants, Plaintiff, for herself, and for her respective attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all Defendants' heirs, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their and their successors, assigns, officers, owners, supervisors, members, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement, with respect to the cessation of Plaintiff's alleged employment or otherwise, any and all claims alleging the failure to pay wages (including the minimum wage), the failure to pay overtime, and/or the violation of any rights under: the Fair Labor Standards Act; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations regulating the payment of wages, or any other similar unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default. This Agreement does not release any claims that Plaintiff may have against the Defendants under unemployment compensation or worker's compensation laws.

    a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

    b. Plaintiff expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

    c. Plaintiff represents that she has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which she had, has or may have against Releasees.

**6. RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the General Release, is intended to, or will, preclude Plaintiff from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiff agrees and acknowledges that she is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief, except for unemployment compensation and/or worker's compensation benefits. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiff is entitled regarding anything occurring on or before the date on which she signs this Agreement, including anything regarding her alleged employment with the Defendants, the payment or nonpayment of wages to her, and/or the termination of that relationship.

    7. **NO OTHER CLAIMS.** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of herself or others, at any time for actions taken up to and including the date Plaintiff execute this Agreement. Plaintiff shall not amend this lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

**8. NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

**9. GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Montgomery County, Maryland, and for venue shall be within Montgomery County, Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraph 2, which may be enforced in the United States District Court for the Eastern District of Virginia.

**10. SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void. The Parties agree that any other Agreements relating to this Lawsuit must be in writing, signed by both parties, and do not require the approval of the Court to be enforceable.

**11. NO OTHER PROMISES.** Plaintiff affirms that the only consideration for Plaintiff signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiff by any person or entity to persuade or cause Plaintiff to execute this document, and that Plaintiff fully understands the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

**12. RIGHT TO REPRESENTATION.** Plaintiff, in receiving a copy of this Agreement, acknowledges that she has been advised in writing to seek the advice of her attorney before signing this Agreement, she has had adequate opportunity to so consult and has so consulted.

**13. LEGALLY BINDING AGREEMENT.** Plaintiff understands and acknowledges that upon Court approval of this Agreement (a) this is a legally binding release contingent upon Defendants' timely payments as provided in Paragraph 2; (b) by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraph 4, Paragraph 5 and Paragraph 6 above; and (c) this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

**14. CONSTRUCTION.** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any

16. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation only shall apply to the Agreement and shall be binding upon the parties. Plaintiff represents and warrants that she has fully discussed this Agreement with her attorneys, and that all terms are understood and that the execution of this Agreement is completely voluntary.

17. **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

Date: 10-06-17

_____
Maritza Henriquez, individually

Date:

**MARGARITA'S CLEANING SERVICES, INC.**

By: _____
Margarita Mamani
Title: President

Date:

_____
Margarita Mamani, individually

6

uncertainty and ambiguity shall not be interpreted against any one party.

15. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

16. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiff further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation only shall apply to the Agreement and shall be binding upon the parties. Plaintiff represents and warrants that she has fully discussed this Agreement with her attorneys, and that all terms are understood and that the execution of this Agreement is completely voluntary.

17. **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Virginia Uniform Electronic Transactions Act, VA Code Ann. § 59.1-487.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

Date: _____

_____
Maritza Henriquez, individually

Date: _____

MARGARITA'S CLEANING SERVICES, INC.
By: _____
Margarita Mamani
Title: President

Date: _____

_____
Margarita Mamani, individually

6